EDWARDS, APPELLANT, v. STEEL ET AL., APPELLEES.

(No. 24789—Decided· July 2, 1959.)

*Messrs. McDonald, Hopkins, Hood & Hardy*, for appellant.
*Messrs. Nicola & Marsh*, for appellees.

SKEEL, J.   This appeal comes to this court on questions of law from a judgment for the plaintiff, appellant herein, on his petition (for a part of the amount claimed), and for the plaintiff and against defendant David Steel on his cross-petition.   The action is one seeking money on the basis of a written promise of the Francis Burr Company, a partnership situated in Detroit, Michigan, to pay the plaintiff certain moneys under the circumstances set out in the writing, the promise made as an inducement to the plaintiff to accept employment on a commission basis with Bankway Savings, Inc., an Indiana corporation.   The partnership consisted of Ruth Burr of Detroit, William Tydings of Detroit, and David Steel of Shaker Heights, Ohio.

The plaintiff's employment contract with Bankway was dated April 4, 1956.   His duties were to sell regional franchises for the Bankway system.   His commission was to be one-twelfth of five per cent of the gross receipts of Bankway plus twenty-five per cent of the dividends, Edwards to pay his own expenses.   During the time the contract was in force, he did not earn any money under the terms of the contract.   The letter of the Fran-

cis Burr Company of the same date agreed to pay plaintiff $600 a month plus expenses as advances on commissions earned with Bankway, with no obligation on his part to return any part of the money advanced except to the extent of commissions received above up to $600 per month. The right to terminate the contract between plaintiff and Bankway for cause before its expiration date, as provided therein, required the party desiring such termination to give notice thereof 30 days before the end of the month when termination would become effective. The letter of the partnership referred to and accepted that provision.

The partnership, claiming to be out of money before July 1, 1957, which fact is not in dispute, failed to make the advances as agreed from and after July 1957. Thereafter, Dr. Steel was induced to make advances to the plaintiff as follows: $750 in August, $675 in September and $500 in October. Two of the checks were made out to Edwards and one to Drafchex of Ohio, Inc., the corporation formed to take over the Bankway franchise in Ohio. Edwards was the manager of this corporation, which never attempted to fulfill its purpose. He deposited each of these checks to the account of Drafchex and then drew the money out as advances claimed due him from the partnership. The defendant Steel, who made the advances, claims this money was advanced by him to Edwards to enable him to continue his efforts to interest the Central National Bank of Cleveland in joining the proposed credit system. (His efforts in this regard failed and were finally concluded December 17, 1957.) The judgment of the court was against the cross-petitioner on this question and, no appeal having been taken, that question is no longer in issue in the case, so that the only conclusion now to be deduced from the evidence is that the advances of Steel were paid to Edwards under the partnership agreement to make advances.

Plaintiff's claim is based on the failure of the partnership to pay advances to the date of the termination of the plaintiff's contract of employment with Bankway, which he claims to be March 1, 1958. Thus, his claim is that there is due him $600 per month for the months of November, December, January and February, plus $70 expense money for two trips to Detroit.

There is no claim that the partnership ever cancelled the

contract by written notice. The plaintiff, however, wrote a letter to Bankway dated January 15, 1958, in which he refers to the method provided to terminate his agreement with Bankway, and then continues:

"I have concluded, however, that the fair arrangement under all of the circumstances is that I should terminate the contract effective January 15, 1958, with the understanding that your obligation to me will be paid within the month."

The plaintiff testified that thereafter he did very little work in January and no work in February for Bankway. In a subsequent letter from the plaintiff to Bankway dated January 23, 1958, he attempted to make some arrangement to return his stock in Drafchex of Ohio, Inc., for a consideration of $1,050 as a means of closing out the matter. These letters and the plaintiff's conduct as shown by his own testimony clearly brought an end to the relationship between the plaintiff and Bankway. His agreement with them was to have his efforts, in part, at least, expended in Bankway's business. His failure to do anything under his contract with Bankway after January 15, 1958, conclusively shows that he considered the agreement at an end. The contract of employment of plaintiff did not require that his full time be expended for Bankway. He was working as a manufacturer's representative before and during the period of the contract with Bankway. It was not intended that Bankway should have all his time, but it was contemplated that he was to expend some effort in their behalf. We must conclude that the evidence is undisputed that the plaintiff voluntarily terminated his agreement with Bankway and was not entitled to contributions from the partnership after January 15, 1958.

Just what facts were considered by the court in concluding that the defendant Steel and the partnership were indebted to the plaintiff in the sum of $1,090 does not readily appear from the evidence. But the undisputed facts establish that the plaintiff was paid up to and through October, 1957; and that for two and one-half months, to wit, November, December and 15 days in January, he would be entitled to $1,500 plus $70 expenses. He received $231 in November from moneys said to have been in the treasury of Drafchex of Ohio, Inc., or from the partnership. So that, on the undisputed facts in the record, there was due the plaintiff-appellant the sum of $1,339.

We, therefore, amend or modify the judgment entered by the trial court to $1,339 and costs, and, as modified, we affirm the judgment.

*Judgment modified and, as modified, affirmed.*

HURD, P. J., and KOVACHY, J., concur.